IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARILYN KENT | : CIVIL ACTION |
| v. | : |
| MR. JOHN HANDCHIN, et al. | : NO. 12-0071 |

MEMORANDUM

SANCHEZ, J.                                                                          MARCH    , 2012

Marilyn Kent brought this action against John and Chris Handchin. She seeks to proceed in forma pauperis. The Court will grant Kent leave to proceed in forma pauperis, but will dismiss her complaint for the following reasons.

As Kent is proceeding in forma pauperis, 28 U.S.C. § 1915(e)(2)(B) applies. That provision requires the Court to dismiss the complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief from a defendant who is immune. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Although it is not entirely clear, the complaint appears to be based on a landlord-tenant dispute as well as Kent's belief that the defendants, her landlords, committed various crimes against her. To the extent Kent's claims are based on the defendants' alleged violations of federal criminal laws by committing "fraud," "bullying," "cruelty to animals" and

1

"extortion," the claims are legally baseless. See Chapa v. Adams, 168 F.3d 1036, 1038 (7th Cir. 1999) ("Criminal statutes, which express prohibitions rather than personal entitlements and specify a particular remedy other than civil litigation, are . . . poor candidates for the imputation of private rights of action."); see also Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). Kent's remaining claims based on her disputes with her landlords arise under state laws of contract, property, and possibly torts, so there is no basis for federal jurisdiction under 28 U.S.C. § 1331. Nor is there any basis for diversity jurisdiction, as the complaint indicates that Kent and the defendants are all citizens of Pennsylvania. See 28 U.S.C. § 1332.

Kent should not be surprised by the dismissal of her complaint given the dismissal of numerous other lawsuits that she filed in this Court on the same basis. (See E.D. Pa. Civ. A. Nos. 11-2690, 11-7639, 11-7790, 11-7791, 11-7862, 11-7863, 11-7878 & 11-7925.) The Court will not provide Kent with leave to amend because amendment would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 112-13 (3d Cir. 2002). An appropriate order follows.